```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                       JACKSONVILLE DIVISION
```

WALTER H. CARY, III,

                    Plaintiff,

v.                                Case No. 3:18-cv-465-J-34MCR

HONORABLE DARRYL DANIELS,
et al.,

                    Defendants.
_____

## **ORDER OF DISMISSAL WITHOUT PREJUDICE**

Plaintiff Walter H. Cary, III, a pretrial detainee at the Clay County Jail in Green Cove Springs, Florida, initiated this action on April 6, 2018, by filing a pro se Complaint for Violation of Civil Rights (Complaint; Doc. 1). In the Complaint, Cary names the following Defendants: (1) Clay County Sheriff Darryl Daniels; (2) Clay County Sheriff's Office; and (3) Clay County Jail. He asserts that jail officers violated his and other detainees' federal constitutional rights when they "thumb[ed] their nose[s] at the rights of the pretrial detainees." See Complaint at 4. He states that he and other pretrial detainees are housed in subpar conditions at the jail. As relief, he requests compensatory and punitive damages. He also seeks a Court order directing the jail officials to "cease and desist the violation of pretrial detainees' constitutional rights." Id. at 5.

The Prison Litigation Reform Act requires the Court to dismiss this case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can

be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Additionally, the Court must read Plaintiff's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972).

"A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing Battle v. Central State Hosp., 898 F.2d 126, 129 (11th Cir. 1990)). A complaint filed in forma pauperis which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Section 1915(e)(2)(B)(i) dismissals should only be ordered when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). "Frivolous claims include claims 'describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" Bilal, 251 F.3d at 1349 (quoting Neitzke, 490 U.S. at 328). Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. Id.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Bingham v. Thomas, 654 F.3d

1171, 1175 (11th Cir. 2011) (per curiam) (citation omitted); Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam) (citations omitted). Moreover, the Eleventh Circuit "'requires proof of an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation' in § 1983 cases." Rodriguez v. Sec'y, Dep't of Corr., 508 F.3d 611, 625 (11th Cir. 2007) (quoting Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986)). More than conclusory and vague allegations are required to state a cause of action under 42 U.S.C. § 1983. See L.S.T., Inc., v. Crow, 49 F.3d 679, 684 (11th Cir. 1995) (per curiam); Fullman, 739 F.2d 553, 556-57 (11th Cir. 1984). As such, "'conclusory allegations, unwarranted deductions of facts, or legal conclusions masquerading as facts will not prevent dismissal.'" Rehberger v. Henry Cty., Ga., 577 F. App'x 937, 938 (11th Cir. 2014) (per curiam) (citation omitted). In the absence of well-pled facts suggesting a federal constitutional deprivation or violation of a federal right, Plaintiff cannot sustain a cause of action against the Defendants.

Cary names the Clay County Sheriff's Office and Jail as Defendants. Whether a party has the capacity to be sued is determined by the law of the state in which the district court sits. Dean v. Barber, 951 F.2d 1210, 1214-15 (11th Cir. 1992) (stating that certain subdivisions of local or county governments, such as sheriff's departments and police departments, generally are

not legal entities subject to suit). "Florida law has not established Sheriff's offices as separate legal entities with the capacity to be sued." Faulkner v. Monroe Cty. Sheriff's Dep't, 523 F. App'x 696, 701 (11th Cir. 2013). Thus, a district court does not err in dismissing a claim against a Florida Sheriff's office. Id. Moreover, Florida law "does not recognize a jail facility as a legal entity separate and apart from the Sheriff charged with its operation and control." Monroe v. Jail, No. 2:15-cv-729-FtM-99MRM, 2015 WL 7777521, at *2 (M.D. Fla. Dec. 3, 2015) (citing Chapter 30, Florida Statutes); see Mellen v. Florida, No. 3:13-cv-1233-J-34PDB, 2014 WL 5093885, at *8 (M.D. Fla. Oct. 9, 2014). Because the Clay County Sheriff's Office and Jail are not legal entities amenable to suit, Cary fails to state § 1983 claims upon which relief may be granted against the Clay County Sheriff's Office and Jail.

To the extent Cary complains that other pretrial detainees suffer the same substandard jail conditions that he experiences at the Clay County Jail, the general provision permitting parties to proceed pro se, see 28 U.S.C. § 1654, provides "a personal right that does not extend to the representation of the interests of others." Timson v. Sampson, 518 F.3d 870, 873 (11th Cir. 2008). Accordingly, Cary may represent his own interests. However, he may not represent the interests of others regardless of whether they are current or former detainees. Each detainee may initiate his own separate action by filing a civil rights complaint form. In doing

so, each litigant will be required to follow the Federal Rules of Civil Procedure. Rule 8(a) requires that pleadings include a short and plain statement of the claim showing that the pleader is entitled to relief. See Fed. R. Civ. P. 8(a)(2). Additionally, Rule 10 requires that all averments of the claim shall be made "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

To the extent Cary complains about jail officers' negligent acts relating to substandard jail conditions, the law is well settled that the Constitution is not implicated by the negligent acts of jail officials. Daniels v. Williams, 474 U.S. 327, 330-31 (1986); Davidson v. Cannon, 474 U.S. 344, 348 (1986) ("As we held in Daniels, the protections of the Due Process Clause, whether procedural or substantive, are just not triggered by lack of due care by prison officials."). Consequently, any allegedly negligent conduct of which Cary complains does not rise to the level of a federal constitutional violation and provides no basis for relief in this 42 U.S.C. § 1983 action.[1]

Next, Cary names Sheriff Daniels as a Defendant. The United States Court of Appeals for the Eleventh Circuit has stated:

---

[1] The Eighth Amendment does not apply to Cary, a pretrial detainee who has not been convicted of the crimes for which he has been charged. Nam Dang by & through Vina Dang v. Sheriff, Seminole Cty. Fla., 871 F.3d 1272, 1279 (11th Cir. 2017). Nevertheless, the standard for providing basic human needs and a safe environment to those incarcerated or in detention is the same under both the Eighth and Fourteenth Amendments. Id.

"Supervisory officials are not liable under section 1983 on the basis of respondeat superior or vicarious liability." Belcher v. City of Foley, Ala., 30 F.3d 1390, 1396 (11th Cir. 1994) (internal quotation marks and citation omitted). "The standard by which a supervisor is held liable in her individual capacity for the actions of a subordinate is extremely rigorous." Gonzalez, 325 F.3d at 1234 (internal quotation marks and citation omitted).[2] "Supervisory liability occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional deprivation." Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990).

"The necessary causal connection can be established 'when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so.'" Cottone, 326 F.3d at 1360 (citation omitted).[3] "The deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." Brown, 906 F.2d at 671. A plaintiff can also establish the necessary causal connection by showing "facts which support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so," Gonzalez, 325 F.3d at 1235, or that a supervisor's "custom or policy . . . resulted in deliberate indifference to constitutional rights," Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991).

---

[2] Gonzalez v. Reno, 325 F.3d 1228 (11th Cir. 2003).

[3] Cottone v. Jenne, 326 F.3d 1352 (11th Cir. 2003).

Danley v. Allen, 540 F.3d 1298, 1314 (11th Cir. 2008) (overruled on other grounds as recognized by Randall, 610 F.3d at 709 (11th Cir. 2008) (rejecting the application of a heightened pleading standard for § 1983 cases involving qualified immunity)); see Keith v. DeKalb Cty., Ga., 749 F.3d 1034, 1047-48 (11th Cir. 2014). In sum,

> To state a claim against a supervisory defendant, the plaintiff must allege (1) the supervisor's personal involvement in the violation of his constitutional rights,[4] (2) the existence of a custom or policy that resulted in deliberate indifference to the plaintiff's constitutional rights,[5] (3) facts supporting an inference that the supervisor directed the unlawful action or knowingly failed to prevent it,[6] or (4) a history of widespread abuse that put the supervisor on notice of an alleged deprivation that he then failed to correct. See id. at 1328-29 (listing factors in context of summary judgment).[7] A supervisor cannot be held liable under § 1983 for mere negligence in the training or

---

[4] See Goebert v. Lee Cty., 510 F.3d 1312, 1327 (11th Cir. 2007) ("Causation, of course, can be shown by personal participation in the constitutional violation.") (citation omitted).

[5] See Goebert, 510 F.3d at 1332 ("Our decisions establish that supervisory liability for deliberate indifference based on the implementation of a facially constitutional policy requires the plaintiff to show that the defendant had actual or constructive notice of a flagrant, persistent pattern of violations.").

[6] See Douglas v. Yates, 535 F.3d 1316, 1322 (11th Cir. 2008) ("Douglas's complaint alleges that his family informed Yates [(an Assistant Warden)] of ongoing misconduct by Yates's subordinates and Yates failed to stop the misconduct. These allegations allow a reasonable inference that Yates knew that the subordinates would continue to engage in unconstitutional misconduct but failed to stop them from doing so.").

[7] West v. Tillman, 496 F.3d 1321 (11th Cir. 2007).

>supervision of his employees. Greason v. Kemp,
>891 F.2d 829, 836–37 (11th Cir. 1990).

Barr v. Gee, 437 F. App'x 865, 875 (11th Cir. 2011) (per curiam). Thus, any supervisory claim against Sheriff Daniels fails because Cary has failed to allege any facts suggesting that Daniels was personally involved in, or otherwise causally connected to, any alleged violations of his federal statutory or constitutional rights.

To the extent Cary is requesting that this Court direct the Clay County Sheriff's Office to investigate the alleged injustices, this Court does not have the authority to grant such relief. Nevertheless, as to Cary's interest in addressing any ongoing violations at the jail, he may seek such relief by initiating a grievance pursuant to the jail's administrative grievance procedures or contact a classification officer to address the issue. Although the grievance process does not permit an award of money damages, the grievance tribunal has the authority to take responsive action. Additionally, Cary may contact Director Ricky Wright to address any past or ongoing violations relating to his concerns.

In light of the foregoing, this case will be dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B), without prejudice to Cary's right to refile his claim under 42 U.S.C. § 1983 with sufficient factual allegations to support a claim under § 1983 against the

proper Defendants, if he elects to do so.[8] The Clerk of Court will be directed to provide a civil rights complaint form and Affidavit of Indigency form to Cary. If Cary chooses to refile a civil rights complaint in this Court to address any alleged federal constitutional violations relating to mistreatment, he must submit a fully completed civil rights complaint form with an original signature and must submit a copy of the form for each Defendant for service of process. Additionally, in completing the form, he must write legibly and comply with Local Rule 1.05(a). The Clerk will be directed to provide him a copy of the Local Rule. Moreover, Cary must either pay the $400.00 filing fee or file a fully completed Affidavit of Indigency form.

Therefore, it is now

**ORDERED:**

1. This case is hereby **DISMISSED WITHOUT PREJUDICE** to Plaintiff's right to refile on the proper forms, if he elects to do so.

2. The Clerk of Court shall enter judgment dismissing this case without prejudice, terminating any pending motions, and closing the case.

---

[8] Plaintiff should note that pro se litigants are subject to the same law and rules of court that govern other litigants who are represented by counsel. See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). All filings with the Court must be made in accordance with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Middle District of Florida.

9

3. The Clerk shall send a civil rights complaint form and an Affidavit of Indigency form to Plaintiff. If he elects to refile his claims, he may complete and submit the proper forms. Plaintiff should not place this case number on the forms. The Clerk will assign a separate case number if Plaintiff elects to refile his claims. In initiating such a case, Plaintiff should either file a fully completed Affidavit of Indigency (if he desires to proceed as a pauper) or pay the $400.00 filing fee (if he does not desire to proceed as a pauper).

4. The Clerk shall provide Plaintiff with a copy of Local Rule 1.05.

5. The Clerk shall terminate any pending motions and close the case.

**DONE AND ORDERED** at Jacksonville, Florida, this 23rd day of April, 2018.

MARCIA MORALES HOWARD
United States District Judge

sc 4/13
c:
Walter H. Cary, III

10